## SEPTOWSKI, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, November 15, 1904.**

**NEW TRIAL: Discretion of Trial Court: Remarks of Judge.** Where the trial judge set aside a verdict on account of prejudicial remarks which he thought he made in the course of the trial, his ruling will be treated as a matter of discretion and will not be disturbed by the appellate court.

Appeal from St. Louis City Circuit Court.—*Hon. M. N. Sale,* Judge.

From an order granting a new trial defendant appealed.

AFFIRMED.

*Sears Lehmann,* with *Geo. W. Easley,* for appellant; *Boyle, Priest & Lehmann* of counsel.

(1) They were not addressed to the jury but were made to counsel in an argument about an objection of counsel to the admission of evidence, and were not prejudicial. Roseberry v. Nixon, 58 Hun 121; Railway v. Milk Co., 175 Ill. 557; State v. Mussick, 101 Mo. 260, 14 S. W. 212; Green v. Tune, 16 Ala. 541; Hill v.

Corcoran, 15 Colo. 270, 25 Pac. 171; Railroad v. Palmer, 89 Ga. 161, 15 S. E. 34; Railroad v. Barnum, 107 Ill. 150; Carmac v. White Bronze Co., 77 Ia. 32, 41 N. W. 480; Dodge v. Brown, 22 Mich. 446. (2) Even if the remarks were prejudicial, they are not grounds for a new trial, because one cannot sit passively by and take his chances on a verdict, and on losing on this chance for the first time object to the conduct of the court. Any objections to the conduct of the court must be made at the time of such conduct, and the court given a chance to correct its error, if such there was. Cane v. Smythe, 3 Kan. App. 607, 45 Pac. 247; Haug v. Haugan, 51 Minn. 558, 53 N. W. 874; Railroad v. Arnold, 13 Neb. 485, 14 N. W. 478; Gaudeth v. Travis, 11 Nev. 149; Fraim v. Ins. Co., 170 Pa. 151, 32 Atl. 613; Railway v. Browsare, 75 Tex. 597, 12 S. W. 1126; Earles v. Begily, 7 Wash. 581, 35 Pac. 390; McCormick v. Heletman, 48 Wis. 643, 4 N. W. 798; Kennedy v. Hollady, 25 Mo. App. 503; Nichols v. Metzger, 43 Mo. App. 607; State v. Forsythe, 89 Mo. 667; State v. Dyson, 39 Mo. App. 297.

*J. Hugo Grimm* for respondent.

Courts of common law jurisdiction have for several hundred years exercised the right to set aside a verdict and grant a new trial. Bartling v. Jamison, 44 Mo. 143. The general rule is that the granting of a new trial rests largely in the sound discretion of the trial court, which has authority not only to grant a new trial for reasons not stated in the motion, but may even grant a new trial of its own motion, and its judgment will not be interfered with, unless there is a clear abuse in its exercise. Farrell v. Transit Co., 103 Mo. App. 457; Rickroad v. Martin, 43 Mo. App. 603; Ansor v. Smith, 57 Mo. App. 584; Lovell v. Davis, 52 Mo. App. 342; Simpson v. Blunt, 42 Mo. 544; Eidenmiller v. Kump, 61 Mo. 340; Leahy v. Dugdale, 41 Mo. 517; 1 McQuillan on Pl. & Pr., sec. 901.

GOODE, J.—This is an appeal from an order of the circuit court sustaining respondent's motion, after a verdict against him, for a new trial. The action, which is for damages done to property by collision with a street car, was previously in this court and the facts may be collected from the decision then rendered. 102 Mo. App. 110. The learned circuit judge gave this reason for sustaining the motion: In his opinion the jury was prejudiced or influenced by remarks made by the court during the trial. The appellant insists that nothing was said by the court which could have influenced the jury against the respondent's case. The remarks referred to were made during a discussion between the court and counsel concerning Septowski's competency as a witness and whether his suit should abate, he having been convicted of a felony and sentenced to the penitentiary since the first trial. The order for a new trial does not point out any particular expression which was supposed to have had the prejudicial effect. Septowski was brought before the court by a writ of habeas corpus to testify. He was in the custody of the sheriff of the city of St. Louis and confined in the city jail at the time, not having been taken to the penitentiary. The petition for the writ of habeas corpus stated that Septowski was confined in jail on the charge of having assaulted his wife with intent to kill her. We gather that the circuit judge understood when he issued the writ, that Septowski had not yet been brought to trial. In fact the judge stated that he would not have granted the writ had he known of the respondent's conviction. This statement was subsequently qualified on the court's attention being called to a statute. There was a prolonged argument or conversation between the court and counsel in the presence of the jury about the matter, and as stated, about Septowski's competency as a witness and ability to carry on the case. Setting aside a verdict for the reason assigned in the present instance, must be classed

with the same ruling when made, because the verdict was against the weight of the evidence, and treated as so far within the trial judge's discretion that an appellate court will not disturb the order unless an abuse is palpable; which is not the case in this instance. In truth, that a judge thought he had made prejudicial remarks in the course of the trial which affected the jury, may more appropriately be treated as a matter of discretion than his view of the evidence. It is extremely unlikely that one will grant a retrial because of remarks in the hearing of the jurors, unless he observes something in their demeanor to induce the belief that harm has been done.

The evidence on the second trial was not materially different from what it was on the first one, and which we ruled made a case for the jury.

The order for new trial is affirmed and the cause remanded. All concur.